Commonwealth *v.* Cushnie, Appellant.

Submitted November 11, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 15, 1969:

This is an appeal from the order of the Court of Oyer and Terminer of Philadelphia County, denying, after hearing, appellant's petition for post-conviction relief. On July 20, 1965, appellant pleaded guilty to murder generally and was found guilty of second degree murder. On the next day he was sentenced to four to ten years imprisonment. He brought this post-conviction proceeding, alleging the invalidity of his guilty plea.

Appellant asserts that his guilty plea was unknowing, as he was unaware of the nature and effect of the entry of the plea. He bolsters his claim by emphasizing that the plea must have been unknowing, for he never admitted that he was guilty of murder. The court below held the plea to be a knowing one, and we agree with that court.

We begin with the proposition that whenever the accused pleads guilty to an indictment, he is presumed to be aware of what he is doing. Therefore, the burden is ordinarily on the appellant to prove that he did not enter his guilty plea knowingly. *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967); *Com. ex rel. Crosby v. Rundle,* 415 Pa. 81, 202 A. 2d 299 (1964), cert. denied, 379 U.S. 976, 85 S. Ct. 677

(1965). It is a matter of credibility and the court may refuse to believe the appellant's version of what happened. *Com. ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968); *Commonwealth v. Hill,* supra.

However, this Court has a number of times indicated that the trial court should conduct an on the record inquiry as to whether the plea is intelligently entered in order to prevent the dilemma of a hearing judge who "faced with a silent record, must either choose to disbelieve what appears to be credible and internally consistent testimony by the prisoner that he was never examined as to the consequences of his plea or grant the relief required." *Com ex rel. West v. Rundle,* supra, at page 106. In *Com ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A. 2d 424 (1964), this Court stated at page 165: "Before accepting and acting upon a plea of guilty, a court must be satisfied that the plea is voluntary and intelligently entered. *It would be wise* for the court to make particular inquiry as to defendant's knowledge of the nature of the charge, of his right to trial by jury, and of the general consequences of his plea. *It is desirable* to have such matters made known to the defendant by the court even though he be represented by counsel. When a defendant enters a plea to murder, more is required than simply his pleading orally or endorsing the indictment, as in other cases. See Act of May 15, 1895, P. L. 71, §1, 19 P.S. §462. Furthermore, proper administration of **criminal justice** *suggests* that the relevant attending facts and circumstances appear of record." (Emphasis added).

Then in *Com. ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966), we stated: "When confronted with a defendant who manifests an intention to plead guilty to a criminal charge, even though that defendant may be represented by competent counsel, the courts of this Commonwealth must be assured that the plea is the

product of the defendant's own voluntary and intelligent choice." We then went on to point out that the cases had not prescribed a fixed procedure for determining the defendant's understanding of his plea, and thus we had not *disturbed* convictions based upon guilty pleas merely because the court failed to examine the defendant at the time it accepted his plea. We treated defendant's understanding as a factual issue to be resolved on a case by case basis.

In the above case West was granted a hearing. At that hearing relief was denied. He then appealed again, asserting that we should reconsider our cases like *Com. ex rel. Barnosky v. Maroney*, supra. He advanced a prophylactic rule that failure of the trial judge to conduct an on the record colloquy with the prisoner sufficient to demonstrate a knowing plea must result in a holding that the plea does not meet constitutional requirements. We rejected the rule advanced by appellant because it did not provide sufficient flexibility. The main drawback to such a rule was that it would have invalidated numerous guilty pleas, where the defendant full well understood what he was doing, simply because there was no on the record inquiry, even though our cases had not yet required such an inquiry.

However, these considerations, while valid as to retroactive application of any sort of prophylactic rule, do not apply prospectively. In the second *West* case, we warned: "If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant, which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences [footnote omitted]. See

Commonwealth ex rel. West v. Myers, *supra*, at 5 n.3, 222 A. 2d at 921 n.3; Commonwealth ex rel. Barnosky v. Maroney, *supra* at 165, 199 A. 2d at 426. Criminal Procedure Rule 319 requires that the trial court not accept a plea 'unless it determines that it is competently and intelligently made;' this determination can best be made through the vehicle of an on the record inquiry. . . . The task of our trial courts would . . . be immeasurably eased if a sufficient on the record examination is available to refute the prisoners' contentions. Although we hesitate to adopt a rule which would vitiate all pleas where the record is silent, we reiterate the importance of an on the record inquiry."

It would seem that the second *West* case, although abjuring the upsetting of many convictions in cases tried theretofore, made it quite clear that in all cases tried thereafter, absent an on the record inquiry, the Commonwealth would be faced with at least a shift of the burden of proof. The relevant question in the instant case is whether the initial case in this line of cases, *Com. ex rel. Barnosky v. Maroney*, *supra*, decided in 1964, did likewise.

The instant case was tried in July of 1965. There was an on the record inquiry by the trial judge, but we are forced to disagree with the hearing Judge's characterization of that inquiry as "careful." The inquiry is set forth below: "THE COURT: . . . There is no effort at all to force you in this. You know what you are doing, sir. You heard your attorneys, and they are both present. THE DEFENDANT: Yes. THE COURT: You are entering this plea, knowing all the possibilities of the case, and having heard the Court. The sentence is entirely up to me, and I can be persuaded to be lenient if the facts warrant. . ." This is hardly the kind of inquiry contemplated by the cases. There is no attempt by the court to satisfy itself that the defendant

knew "the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offense for which he is charged and the permissible range of sentences." *Com. ex rel. West v. Rundle,* 428 Pa., supra.

Thus, if the absence of an appropriate on the record inquiry in trials occurring post-*Barnosky* and pre-*West* (1968) served at least to shift the burden of proof to the Commonwealth, we would not affirm the action of the court below. However, our language in *Barnosky,* supra, was more suggestive than anything else. We used language like "would be wise", "is desirable", "suggests". Appellant thus cannot rely on that case as establishing a prospective prophylactic rule. In fact, in *Commonwealth v. Coleman,* 430 Pa. 438, 243 A. 2d 328 (1968), a case where the guilty plea was entered in 1965, after our decision in *Barnosky,* we indicated that the burden of proof remained on the defendant.

That burden the appellant in the instant case has failed to meet. Not only was the court below free to disbelieve appellant's story, but the Commonwealth produced affirmative testimony from appellant's trial counsel that he and his co-counsel advised petitioner of "all of the ramifications" of his guilty plea, including the potential degree of guilt and the possible sentences.

Nor is the situation changed any because appellant did not recite that he killed the victim, but rather maintained that he did not know exactly how the victim received the fatal wounds. In the instant case, there was certainly the significant evidence of guilt required by the cases. Appellant was aware that two eyewitnesses could testify that he had struck the fatal blow to the victim during a quarrel. Moreover, appellant himself had admitted that in his struggle over the murder weapon, the decedent was fatally stabbed. Under those circumstances, it was hardly unreasonable

for him to decide that no jury would acquit him. His failure unequivocally to admit that he had committed murder does not mean that his was an unknowing guilty plea that should be vitiated.

The order of the court below is affirmed.