Commonwealth *v.* Hughes, Appellant.

Submitted March 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Jacob E. Horewitz,* for appellant.

*A. J. Kuzdenyi,* First Assistant District Attorney, and *Joseph E. Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, May 9, 1969:

On the afternoon of August 20, 1964, appellant Ralph Russell Hughes shot and killed Mrs. Eva Mae Moser in the reception room of the office of Dr. Charles C. Hubbard in the Fayette Bank Building in Union-

town, Pennsylvania. At the time of the slaying, Mrs. Moser was one of nine persons seated in the waiting room; five of those persons subsequently testified as eyewitnesses to the shooting. After the shooting, Hughes was taken into custody, arraigned the following day, and committed to the Fayette County jail. At all times preceding his sentencing, Hughes was represented both by appointed counsel and by the family attorney.

At counsels' request, a Sanity Commission consisting of two (2) general medical practitioners and a member of the Bar was appointed by the Court to investigate the condition of the prisoner. Their report found Hughes unstable and psychotic, and recommended commitment to a mental hospital. Thereafter, Hughes was taken to the Somerset State Hospital for examination by a qualified psychiatrist. On December 14, 1964, William C. Ryan, M.D., the examining psychiatrist, addressed a letter to the District Attorney of Fayette County and counsel for the appellant in which he reported no evidence of psychosis or neurosis, and stated, inter alia: "I believe that Mr. Hughes is aware of the significance of the charges against him. I believe him to be capable to speak in Court in his own defense."

On December 14, 1964, the defendant entered a plea of guilty at No. 20/61 December Term, 1964, in the Court of Oyer and Terminer of Fayette County, Pennsylvania. Subsequently, on February 18, 1965, a hearing was held before the Court en banc for the purpose of taking testimony and determining the degree of guilt; the Court en banc found the defendant guilty of murder in the first degree and imposed a sentence of life imprisonment. No appeal was taken from that sentence.

Thereafter, the appellant filed two separate petitions for post-conviction relief; each petition was de-

nied without appointment of counsel and without hearing. Upon appeal to this Court from the dismissal of the second petition, we vacated the order of the court below and remanded the record with directions to the court "to appoint counsel to represent Ralph Russell Hughes in a post-conviction proceeding." *Commonwealth v. Hughes*, 427 Pa. 401, 403, 235 A. 2d 153 (1967). Counsel was appointed and a hearing held on January 31, 1968. After hearing testimony and argument, the court dismissed appellant's petition. The case is now before us on appeal from that order of dismissal.

Appellant's contention in this appeal is that the trial court had a duty to inquire into the nature and result of the psychiatric examination of the appellant before accepting a plea of guilty and that failure to do so was error entitling appellant to relief, the nature of which is unspecified.[1] This argument is without merit. The only case cited by appellant in his behalf [*Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964)] deals with the need for a court to make inquiry and satisfy itself that any guilty plea is voluntary and intelligently entered. Such in-

---

[1] It is necessary to underscore the limited question presented. Counsel for appellant does not now argue that the guilty plea was involuntary or unlawfully induced, nor is it argued that the appellant was insane or unable to understand the nature of his plea. In its opinion after the PCHA hearings, the Court below made the following specific findings: "It is our conscientious conclusion that at all relevant times Hughes had a rational understanding of the nature of the plea and sentence proceedings; that he had a rational and factual understanding of the charges involved; that he was able to and did cooperate in a rational manner in assisting his lawyers in preparing a defense; that his plea was knowingly, intelligently and understandingly entered; and that there is no valid reason why either his conviction or sentence should be nullified." None of these conclusions is contested here, and the appellant's case rests on the narrow ground indicated above.

quiry is of course required, but as indicated, the voluntariness of the plea is not here in question. Rather, appellant argues in essence that judicial inquiry into the psychiatric examination of the petitioner was an absolute requirement in this case. We have repeatedly stressed the advisability of an on-the-record inquiry by the trial court into factors affecting the voluntary or knowing qualities of a guilty plea before such plea is accepted, but we have declined to mandate any particular subjects of inquiry. See for example *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968); *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A. 2d 290 (1969). We decline the request to place the nature and result of a psychiatric examination into a mandated category.

While inquiry by the court into the nature of the psychiatrist's examination or the substance of his findings prior to acceptance of the guilty plea would have been proper and might have been advisable, we are unable to find that failure to make such inquiry in this case was prejudicial to appellant or constituted reversible error.

It is conceded that defense counsel had conferred with and was aware of the conclusions of Dr. Ryan prior to the entry of the guilty plea. At no point did defense counsel indicate dissatisfaction with the method by which such conclusions had been reached nor did they raise the issue of defendant's sanity when the plea was entered. Under these circumstances, nothing in Dr. Ryan's report would have caused Judge BANE to do other than accept the guilty plea. Inquiry into the psychiatrist's report in this case could only have confirmed Judge BANE in his position that the plea should be accepted.

Finally, it is admitted that a copy of the psychiatrist's letter reporting his findings was affixed to and

made a part of the testimony offered at the hearing before the Court en banc to determine the degree of Hughes' guilt. Again, no objection was raised at the sentencing hearing either to the substance of the report or to the nature of the psychiatric investigation.

On the facts before us, we find no prejudicial error in the conduct of the lower court, and its order dismissing appellant's petition for post-conviction relief is hereby affirmed.