**UNITED STATES ex rel. William
M. BEECHAM**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 3838.**

United States District Court
E. D. Pennsylvania.

July 24, 1969.

———————

D. Barry Gibbons, Media, Pa., for relator.

Stephen McEwen, Dist. Atty., by Vran Nedurian, Jr., Asst. Dist. Atty., Media, Pa., for defendant.

1. On another charge, No. 365, June Sessions of 1953 relator also pleaded guilty and received a suspended sentence.

2. The Pennsylvania Supreme Court has also limited *Boykin* to a prospective application. Com. v. Godfrey, 434 Pa. 532, 254 A.2d 923 (June 27, 1969).

OPINION

KRAFT, District Judge.

■ Over sixteen years ago, on June 2, 1953, relator pleaded guilty to charges of burglary and larceny of the Bryn Mawr Thrift Shop and received a sentence of 5 to 20 years.[1] Relator attacks the validity of this conviction claiming that he never committed the crime and that his guilty plea was involuntary. He seek to benefit from the United States Supreme Court's recent decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (June 2, 1969) which reversed a state conviction because the record failed to reflect that the defendant voluntarily and understandingly entered his pleas of guilty. We are of the opinion that *Boykin* should not be applied retroactively for the same reasons that the United States Supreme Court declined to apply McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969) retroactively to pleas of guilty in federal cases entered before April 2, 1969. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 5, 1969).[2]

The record is clear that the Court never made an inquiry of the relator regarding his understanding of the charges and the consequences of his plea of guilty. Relator claims that he never discussed the case with his two appointed lawyers, and, in fact, never knew he had two lawyers. In an earlier state petition relator claimed that he was not even present when his plea of guilty was entered and sentence was imposed.[3] Relator admitted the authenticity of his signature subscribed on the waiver of the grand jury presentment, and the plea of guilty on the indictment.

3. The relator also disavowed any knowledge of being in the Courthouse located in Media, Delaware County, when he plead guilty. "I was not familiar with the county. I didn't even know what county I was in." (fed. n. t. p. 11).

One of relator's two appointed attorneys testified that he recalled the defendant and the fact that he was shot while fleeing the police. Counsel had no specific recollection of the conversations he had had with the relator which is understandable after the passage of sixteen years and many subsequent trials. Counsel could only draw upon his recollection of the general procedure which he employed at that time of interviewing his clients at the prison, and explaining to them, the nature of the charges, range of penalties, and the consequences of a plea of guilty.

Where a relator alleges that he did not enter his plea knowingly and voluntarily, the matter is one of credibility and the hearing judge may refuse to believe the petitioner's version of what happened. Com. v. Cushnie, 433 Pa. 131, 249 A.2d 290 (Jan. 15, 1969);[4] Tyler v. Beto, 391 F.2d 993 (1968), cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574 (1969).

"As to whether [relator's] plea was knowingly and intelligently entered, the hearing court did not find [relator's] testimony on this issue credible. The hearing record fully justifies this conclusion; [relator] has therefore failed to carry his burden of proof." Com. v. Coleman, 430 Pa. 438, 243 A.2d 328 (1968).

We find the relator's testimony to be completely unworthy of belief. A fair reading of the record manifests a calculated effort on his part to mislead the Court on even the most basic circumstances of his state criminal proceedings. He was utterly untruthful and evasive throughout the entire federal habeas corpus hearing.

Accordingly, we enter the following

ORDER

Now, this 24th day of July, 1969, it is ordered that the relator's petition for a writ of habeas corpus is denied.

There is no probable cause for an appeal.

4. In *Cushnie*, the Pennsylvania Supreme Court declined to apply Com. ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968) and Com. ex rel. Barnosky v. Maroney, 414 Pa. 161, 199 A.2d 424 (1964) to pleas of guilty entered *after Barnosky* and *before West*. In all cases tried *after West* the burden of proof as to whether a defendant pleaded guilty voluntarily, shifts to the Commonwealth when the record fails to reflect an on the record inquiry by the Court. But see, United States ex rel. Fink v. Rundle, 414 F.2d 542 (3 Cir. June 24, 1969); United States ex rel. Crosby v. Brierley, 404 F.2d 790, 795–796 (3 Cir. 1968); United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3 Cir. 1968).