Commonwealth *v.* Nikodemski, Appellant.

Submitted June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John R. Merrick,* Assistant Public Defender, for appellant.

*David C. Patten,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

350

OPINION BY WATKINS, J., September 11, 1969:

This is an appeal by Francis Michael Nikodemski, the defendant-appellant, from the Order of the Court of Common Pleas of Chester County denying relief under the Post Conviction Hearing Act, January 25, 1966, P. L. (1965) 1580, §5, 19 P.S. 1180-5.

The appellant was arrested and charged with the crimes of larceny, pointing a firearm, possession of firearm on June 10, 1966. On October 27, 1967, after first pleading not guilty, he withdrew that plea and entered a plea of guilty to all three indictments.

He was sentenced on the larceny charge to a fine of $100, cost of prosecution, and imprisonment for a period of not less than one year nor more than four years; on the pointing of firearm charge, to pay a fine of $10 and imprisonment for six months to run concurrently with the larceny sentence; and on the possession charge, to pay a fine of $10 and imprisonment for six months to run concurrently with the larceny sentence.

In October, 1968, he filed the Petition for Relief under the Post Conviction Hearing Act, in which he alleged that his plea was wrongfully induced, his constitutional rights abridged and that he did not knowingly and intelligently plead guilty to larceny. After a full hearing, the court below determined that the appellant had not sustained his burden of proof that he did not intelligently and knowingly enter the plea. *Com. v. Cushnie*, 433 Pa. 131, 249 A. 2d 290 (1969); *Com. ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968); *Com. ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964).

He is, of course, presumed to know what he is doing and in this case the matter was discussed thoroughly between the appellant and counsel for months before the entering of the plea. Counsel advised him not to

plead guilty mainly because he felt he would receive a "stiff sentence" on the larceny charge because of his prior record. Counsel so advised him, but he persisted in entering the plea.

The court below said in its opinion: "From the testimony of the attorney who represented the petitioner at the time of sentencing it may be found that he went over the charge of larceny with the petitioner very thoroughly and told him that it was his opinion that the charge could not be sustained. Counsel explained in his testimony that he felt so strongly upon this point that when petitioner insisted upon going ahead with the plea of guilty he had him sign a statement absolving counsel of any responsibility for the entry of that plea. The petitioner also said, when testifying, that such a statement had been presented to him and that he had signed it.

"Additionally, counsel explained to the petitioner prior to sentencing that with his record a substantial prison sentence could be anticipated if the plea was guilty. In spite of this warning Nikodemski insisted that he wanted to plead as he did.

"Both counsel and his client knew that the Commonwealth was prepared to show that a police officer had seen Nikodemski throw the stolen gun away after he had threatened some young men who had been annoying him with it. This testimony, if accepted by a jury, would in itself have been sufficient to sustain the charge of larceny. However, in addition, it appears from the Commonwealth's narration of the happening as it was given at the time of sentence that the owner of the stolen gun could have testified that Nikodemski had been in his automobile as a passenger at or about the time the gun disappeared from it. This also would have been evidence which could have had an incriminating effect had the petitioner gone to trial."

It should be pointed out that counsel admitted that the real purpose of securing the statement from the defendant was to protect counsel in the event that new counsel was appointed in the case and the appellant deny that he advised him against the plea.

A close examination of the record at the time of the plea leaves much to be desired. It recites the facts of the crimes charged; the evidence of the Commonwealth relied upon to support the charge of larceny and recites the defendant's record. His counsel gave his age, his schooling and his marital history. This falls short of the suggested prophylactic rule. *Com. v. Cushnie,* supra; *Com. ex rel. West v. Rundle,* supra; *Com. ex rel. Barnosky v. Maroney,* supra; Pa. R. Crim. P. 319.

However, at the hearing it was brought out that counsel had carefully discussed with the defendant his right to a jury trial and advised against the plea to larceny. He pointed out that such a plea would result in a stiff sentence because of the defendant's prior record. The Commonwealth pointed out that he had entered a similar plea waiving Grand Jury action and then withdrew that plea. It can be inferred that the whole matter was weighed by him at that time.

The court, after the hearing, failed to believe his story that he was confused at the time of the plea and believed from all the circumstances that he knowingly and intelligently entered it against counsel's advice. The burden of proof that it was not knowingly and intelligently entered and constitutionally defective was on the defendant. He failed to sustain it to the satisfaction of the hearing judge.

In the *Cushnie* case, supra, the Supreme Court discussed in detail the effect of *Barnosky* and *West* on the burden of proof where there was a failure of an appropriate on the record inquiry and held that post-*Barnosky*, April 21, 1964 and pre-*West*, January 3,

1968, the burden of proof remained with the defendant, but that subsequent to *West* the failure of such an appropriate record would shift the burden of proof to the Commonwealth. The instant case is post-*Barnosky* and pre-*West*.

The determination of the establishment of the appellant's burden of proof is largely one of credibility and the court below may refuse to believe appellant's version of what happened. *Com. v. Cushnie,* supra.

Decision affirmed.