### UNITED STATES of America ex rel. Francis M. NIKODEMSKI

v.

### COMMONWEALTH OF PENN-SYLVANIA.

Misc. No. 69-528.

United States District Court,
E. D. Pennsylvania.

Oct. 29, 1970.

Franklin L. Gordon, Gordon & Ashton, Coatesville, Pa., for relator.

Norman J. Pine, Dist. Atty., Chester County, by A. Thomas Parke, III, Asst. Dist. Atty., for Commonwealth.

### OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a petition for writ of habeas corpus in which relator, Francis M. Nikodemski, attacks his conviction for larceny on Indictment

---

No. 144, May Term, 1966, County of Chester.

The grounds upon which relator challenges the legality of his present custody are: (1) that he was not informed of the consequences of his plea of guilty to a charge of larceny; (2) that he was not informed of the possible penalty that he might receive following a plea of guilty to a charge of larceny; and (3) that he did not know that he was pleading guilty to a felony.

On June 10, 1966, relator was arrested and charged in three indictments with larceny of a revolver, pointing a firearm and possession of a firearm without a license.

On September 20, 1967, relator entered a plea of not guilty to all three indictments and subsequently, on October 27, 1967, withdrew that plea and entered a plea of guilty to the indictments in question. Relator was represented by counsel at this proceeding.

Relator was sentenced on the larceny charge to pay a fine of one hundred dollars and to undergo imprisonment for a period of not less than one year nor more than four years.

In October 1968, relator filed a petition pursuant to the Pennsylvania Post Conviction Hearing Act, Pa.Stat.Ann tit. 19, § 1180-1 *et seq.* (Supp.1969) in which his allegations were substantially similar to those raised in his present habeas corpus petition.

On March 3, 1969, a hearing was held at which relator was represented by counsel, and on April 1, 1969, relator's petition was denied. On appeal, the Superior Court of Pennsylvania affirmed in an Opinion filed September 11, 1969, Commonwealth v. Nikodemski, 215 Pa. Super. 349, 257 A.2d 86 (1969).

██ Despite the fact that relator has not applied for allocatur to the Supreme Court of Pennsylvania, the court concludes that relator has exhausted his available state remedies with respect to his present claims. In an abundance of caution, the court appointed an attorney to represent relator in this proceeding and ordered that a hearing be held after relator's court appointed attorney had sufficient time to prepare. During the course of his preparation, relator's counsel reviewed the state court evidentiary hearing and, after discussing the matter with relator, concluded that the testimony at that proceeding was adequate and sufficient to advance his client's contentions. On August 13, 1970, with the approval of relator, counsel agreed to waive a hearing and stand upon the state court records. The court has carefully reviewed the state court's records and concludes that the fact finding hearing was full, fair and adequate. Therefore, an evidentiary in this court is not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

From a review of the notes of testimony of the state post conviction hearing (hereinafter cited as "N.T. P.C.H.A."), a number of salient facts emerge which lead to the conclusion that relator's contentions are without merit and that his petition should be denied. After first pleading guilty to the three offenses with which he was charged, relator subsequently discovered that one of the offenses involved a charge of larceny of a revolver. Relator thereupon petitioned the court to withdraw his pleas of guilty and be permitted to enter pleas of not guilty. This request was granted and on September 20, 1967, relator did in fact enter pleas of not guilty to all three indictments (N.T. P.C.H.A. 14, 16–18, 22, 46). After failing to appear for trial, relator was arrested on a bench warrant and incarcerated (N.T. P.C.H. A. 31, 56, 70–71). Approximately nine days later, relator informed the deputy warden of his desire to plead guilty and as previously noted, on October 27, 1967, did so plead.

██ The testimony of relator's trial counsel reveals that he had thoroughly reviewed the charge of larceny with relator and had advised relator to stand trial upon it since in his opinion the charge could not be sustained. (N.T. P.C.H.A. 67–68, 73–74.) In fact relator's counsel actively prepared to go to

trial on that charge. Relator's trial counsel was so convinced of the strength of his position that when relator insisted upon entering a plea of guilty, counsel had him sign a statement absolving counsel of any responsibility for the entry of such a plea (N.T. P.C.H.A. 77–78). Relator's own testimony corroborates this fact (N.T. P.C.H.A. 35). Counsel's purpose in securing this statement was to protect himself from criticism in any possible post conviction proceeding (N.T. P.C.H.A. 78). Finally it appears that relator's trial counsel advised relator against entering a plea of guilty not only because of his anticipation of success at trial, but also because of relator's prior criminal record. He advised relator that he could possibly receive a substantial jail sentence in light of his prior record if such a plea was entered (N.T. P.C.H.A. 73). While it does not appear in the record that relator was informed by his trial counsel of the exact *number* of years of possible imprisonment constituting the maximum sentence for the crime of larceny, relator was aware that he could receive a "stiff jail sentence" because of his prior criminal record (N.T. P.C.H.A. 73). In light of all the facts and circumstances surrounding relator's ultimate plea of guilty, the court finds relator's contention that he was ignorant of the possible range of sentences he could have received following his plea of guilty, completely unbelievable. This conclusion is further supported by the fact that relator's prior criminal record included a conviction on a charge of larceny (N.T. P.C.H.A. 59).

Accordingly, the court resolves the issue of credibility against relator and concludes that the record as a whole establishes the validity of relator's guilty plea. The burden of proof is upon relator to establish the contrary and as such, he has failed to sustain that burden. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970).

The court expresses its appreciation to Franklin L. Gordon, Esquire who most ably and skillfully represented relator in this proceeding without compensation. His efforts were in keeping with the highest traditions of the Bar of this Court, to which his late father, William Gordon, Esquire, and he dedicated themselves.

### ORDER

And now, this 29th day of October, 1970, it is hereby ordered that the petition for writ of habeas corpus is denied. There is no probable cause for appeal.