[redacted]

**UNITED STATES of America ex rel. Ronald J. NOYER, C–6068**

**v.**

**Joseph R. BRIERLEY.**

**Civ. A. No. 70–1269.**

United States District Court, W. D. Pennsylvania.

Jan. 5, 1971.

[redacted]

for and reviewed the entire records relative to relator's State criminal proceedings. Although state remedies have not been exhausted by the relator, he has urged that his remaining State remedies have been and continue to be ineffective for the alleged reason that various court-appointed counsel have thwarted his attempts to appeal from the denial of relief in a post-conviction proceeding in the sentencing court. It is unnecessary to determine the validity of relator's assertion, since relief must be denied on the merits. See United States ex rel. Kelly v. Maroney, 414 F.2d 1228 (3d Cir. 1969).

Relator was arrested in September of 1958 upon charges of burglary, larceny and receiving stolen goods arising out of six different thefts occurring between May 26, 1958 and August 25, 1958. Shortly after his arrest, relator conferred with his privately retained counsel, one Lawrence Nelson, Esquire. A Sanity Commission was convened on October 27, 1958, at which time relator was represented by Mr. Nelson. Upon finding relator incompetent to stand trial, the Commission committed him to Farview State Hospital. On October 28, 1958, the day following the Sanity Commission hearing, relator was indicted at Nos. 12–17 O. & T., November Sessions 1958, in the Court of Common Pleas of Erie County, Pennsylvania, upon the charges for which he had been arrested.

Relator remained at Farview until June 10, 1960, when he was released to penal custody. Upon request of the relator, Mr. Nelson withdrew as counsel and relator retained one John McLaughlin, Esquire, who first conferred with him in late July or early August, 1960. Appearing with counsel before the sentencing court on September 1, 1960, relator entered pleas of guilty to Nos. 12–17 November Sessions 1958. On November 14, 1960, following a sentencing hearing at which relator also was represented by Mr. McLaughlin, the sentencing court imposed consecutive sentences of eleven and one-half to twenty-three months imprisonment on Nos.

Ronald J. Noyer, pro se.

William E. Pfadt, Dist. Atty., Erie County, Erie, Pa., for respondent.

OPINION

GOURLEY, District Judge:

In this habeas corpus proceeding filed by a State prisoner, the Court has called

12 and 13. Sentencing was deferred upon Nos. 14 through 17. No appeal was taken from the judgments of conviction and sentence.

Having received credit upon his sentences for the time spent at Farview, relator was released on November 19, 1960. He was rearrested and subsequently indicted at No. 155 O. & T. February Term 1961 for burglary, larceny and receiving stolen goods arising out of a theft committed on January 12, 1961. Relator appeared before the sentencing court with his counsel, Mr. McLaughlin, on April 17, 1961, and entered a plea of guilty to this latest indictment. On the same day, relator was sentenced to five to ten years imprisonment at No. 155 O. & T. February Term 1961; one to three years imprisonment at No. 14 O. & T. November Sessions 1958 (consecutive with No. 155); and one to three years imprisonment on each of Nos. 15–17 O. & T., November Sessions 1958 (concurrent with each other, consecutive with No. 14).

█ In the instant habeas corpus proceeding, relator challenges the criminal proceedings at Nos. 12–17 O. & T. November Sessions 1958 and No. 155 O. & T. February Term 1961. On February 28, 1967, relator was accorded an evidentiary hearing by the sentencing court upon two Post Conviction Hearing Act Petitions filed therein. At the hearing, relator advised that he had no intention of challenging the conviction at No. 155 O. & T. February Term 1961. This constituted a deliberate by-pass of State remedies with respect to said conviction, and this Court therefore will not entertain relator's challenge to said conviction now. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962).

There remains for consideration relator's challenge to the criminal proceedings at Nos. 12–17 O. & T. November Sessions 1958. Since he entered pleas of guilty to these indictments, his attack is limited to questions of the jurisdiction of the sentencing court, the voluntariness of the pleas and the legality of the sentences imposed. Relator does not question the legality of the sentences imposed. He does raise issues of jurisdiction and the validity of his pleas of guilty. The facts relevant to these issues have been developed in the evidentiary hearing conducted by the sentencing court on February 28, 1967. Relator was represented by counsel at the hearing.

█ Relator first challenges on jurisdictional grounds the power of the Grand Jury to return indictments against him on the day subsequent to which he was found incompetent to stand trial by a Sanity Commission. This challenge must fail. A determination that a defendant is incompetent to stand trial does not deprive the court of jurisdiction over him. Syphers v. Gladden, 230 Or. 148, 368 P.2d 942, 21 Am. Jur.2d § 72, p. 155. The Grand Jury did not lose jurisdiction to return indictments against relator by virtue of his previously having been found incompetent to stand trial.

█ Relator also raises the more fundamental question of the voluntariness of his pleas of guilty entered on September 1, 1960. Relator acknowledges that he had recovered fully from his mental illness when he was released from Farview and does not contend that he lacked the mental competence to enter the pleas. Rather, he argues that the pleas were entered without the proper advice of counsel and without a full understanding of the consequences of the pleas. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

The pleas of guilty were entered prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Having been entered upon the advice of counsel, the pleas are presumptively valid and the burden is upon the federal habeas corpus applicant to show that they were not knowingly and voluntarily made. United States ex rel. Sadler v.

Commonwealth of Pennsylvania, 434 F. 2d 997 (3d Cir.), decided November 19, 1970. It may be noted that relator had the same burden of proof in his State post-conviction hearing. Commonwealth v. Cushnie, 433 Pa. 131, 249 A.2d 290 (1969). Upon reviewing the testimony of the relator at said hearing, this Court agrees with the conclusion of the State sentencing court that relator failed to meet his burden of proving that his pleas of guilty were not knowingly and voluntarily entered.

The record of the post-conviction hearing indicates that relator conferred with his counsel prior to entering his pleas of guilty. He was advised, or knew, that he had a right to trial by jury. However, relator told counsel that he desired to plead guilty in the hope that the sentencing court would afford consideration to the period of time during which he was confined in Farview. Counsel followed relator's wishes. Moreover, relator's hope was realized, for he was sentenced upon the first two indictments to terms of imprisonment only slightly exceeding the time already spent in Farview. Relator received credit for his previous period of confinement and was released within days of the imposition of sentence. Sentencing was deferred on the remaining four indictments, presumably so that the sentencing court could observe relator's conduct upon his release.

In retrospect, relator now contends that he entered his pleas of guilty unintelligently and without proper advice from counsel. The Court rejects relator's contention that he entered the pleas without knowledge of the offenses with which he was charged. Although stating at the post-conviction hearing that he had not been advised of the technical definitions of the offenses, he acknowledged that he knew he was charged with breaking into buildings and taking property therefrom which did not belong to him. Similarly, the Court rejects relator's contention that he did not know the maximum sentence which could be imposed, for he admitted that, when the sentences were imposed on Nos. 12–17 November Sessions 1958, he knew they were within legal limits.

Relator also contends that his counsel failed to investigate and advise him upon the possibility of an insanity defense. Relator stated at the evidentiary hearing that he advised his counsel of his release from Farview. However, relator indicated to counsel no desire to pursue such a defense. Rather, for tactical reasons he preferred to plead guilty and so advised counsel. Counsel's acquiescence in relator's reasoned decision must be regarded as an exercise of reasonable competence.

The Court finds from a review of the State records that relator entered intelligent pleas of guilty upon competent advice of counsel. A further evidentiary hearing is not warranted. Relief must be denied.

### ORDER

Now, this 5th day of January 1971, the Petition for Writ of Habeas Corpus is denied. A certificate of probable cause for appeal also is denied.