## Commonwealth *v.* Hill, Appellant.

Submitted September 25, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*F. Neal Sever,* for appellant.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 28, 1967:

In 1942, upon a plea of guilty to murder generally, appellant was convicted of first degree murder and sentenced to life imprisonment. On September 1, 1966 he filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966), setting forth three grounds for relief: (1) that his plea of guilty was not knowingly and intelligently made; (2) that he was deprived effective assistance of counsel; and (3) that he was not properly arraigned. After an attorney was appointed to represent Hill in this post-conviction proceeding, the hearing judge, on November 14, 1966, dismissed the petition without an evidentiary hearing. However, on the very next day, consistent with our decision in *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966), Judge GRAFF wisely vacated this order and scheduled an evidentiary hearing. At the hearing appellant was the sole witness. He maintained that he was never arraigned, and that his counsel had never told him of the consequences of a guilty plea, or of his right to a trial by jury, but, instead assured him that he would be sent only to White Hill for some time.

Appellant was 16 years old at the time of sentence. Although the original transcript of the 1942 guilty plea hearing has been lost, and Hill's trial counsel at the time of the post-conviction hearing had been dead for six years, Judge GRAFF, who also presided at the 1942 hearing, chose to disbelieve Hill, and consequently denied relief. From that denial Hill appeals.

On the issue of Hill's guilty plea, we start with the well established doctrine set forth in *Commonwealth ex rel. Crosby v. Rundle,* 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964), cert. denied, 379 U.S. 976, 85 S. Ct. 677 (1965). As the Court there noted: "When an accused pleads guilty to an indictment, it is presumed that he is aware of what he is doing: [citing cases]. Hence, the burden of proving otherwise is upon him."

With the burden of proof thus on appellant, we hold that the hearing judge was justified in refusing to accept Hill's version of the circumstances under which his plea was entered.* A decision of this sort turns on a pure question of credibility; we can find no basis upon which to challenge Judge GRAFF's evaluation of appellant's testimony.

Appellant next contends that he did not have effective assistance of counsel at the time his plea was entered. This Court has just recently announced the test in Pennsylvania for determining when counsel can be said to have been constitutionally ineffective. In *Com-*

---

* Although it appears that Hill was never advised by the *judge* as to the consequences of a guilty plea, and although such a procedure is preferable, this failure would not, of itself, entitle appellant to relief. Not only did this hearing take place twenty-five years ago, at a time when such cautionary instructions from the bench were not customarily given, but also we recently noted in *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 7, 222 A. 2d 918, 922 (1966) "that our cases have not prescribed a fixed procedure whereby voluntariness and understanding are to be determined and, thus, we have not disturbed convictions based upon guilty pleas merely because the court failed to examine the defendant at the time it accepted his plea."

*monwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 613, 235 A. 2d 349, 357 (1967), we held that before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy *actually* employed was so unreasonable that no competent lawyer would have chosen it. The facts in this case fall woefully short of meeting such a requirement.

Appellant, and two other men, were arrested in connection with the robbery and assault of one Veseley, as well as the robbery and murder of Joseph Ramoska. Shortly after their arrest, all three men voluntarily confessed their guilt orally, and later in writing. There is no allegation that any of these statements were unlawfully induced. It is clear that, faced with this overwhelming evidence of guilt, the age of the defendant Hill, and the brutality of the crime, Hill's trial counsel wisely concluded that appellant would stand his greatest chance of escaping the death penalty if he were to plead guilty. Not only was this choice of strategy reasonable, it was likely the very best choice that could have been made under the circumstances.

Finally, appellant challenges the validity of his arraignment. However, in view of our decision that the guilty plea was knowingly and intelligently made, we need not reach the merits of this argument. As this Court has said on numerous occasions: "A plea of guilty, knowingly made, constitutes an admission of guilt and is a waiver of all nonjurisdictional defects and defenses." *Commonwealth v. Garrett,* 425 Pa. 594, 597, 229 A. 2d 922, 924 (1967); *Commonwealth ex rel. Foeman v. Maroney,* 420 Pa. 486, 218 A. 2d 230 (1966); *Commonwealth ex rel. Walls v. Rundle,* 414 Pa. 53, 198 A. 2d 528 (1964). That the court had jurisdiction over Hill is obvious.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.