## Commonwealth ex rel. Kastle, Appellant, *v.* Maroney.

Submitted November 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Carl E. Glock, Jr.,* for appellant.

*Charles B. Watkins* and *Edwin J. Martin,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION PER CURIAM, December 15, 1967:

Appellant filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966), alleging ineffectiveness of counsel at trial and that his plea of guilty was not entered intelligently and voluntarily. A hearing was held in the lower court.

The lower court found that "Mr. O'Donnell [defendant's trial attorney] was able to become sufficiently familiar with the case so as to provide relator with the best representation possible." From a close reading of the record, we readily concur in this finding. It should be noted that shortness of time to confer with counsel does not constitute ineffective counsel. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). Appellant has presented no other grounds which may have prejudiced him in any way, and has, therefore, not carried his burden of proof in demonstrating any violations of a constitutional right. *Commonwealth ex rel. Washington v. Maroney,* supra.

We also find no merit in appellant's contention that his guilty plea was not voluntarily or intelligently entered. ". . . Our cases have not prescribed a fixed procedure whereby voluntariness and understanding are to be determined, . . ." *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 7, 222 A. 2d 918, 922 (1966); see *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967). The hearing judge was satisfied that appellant had entered a plea of guilty knowing of the consequences thereof. Since the burden of proof is on appellant, we hold that the hearing judge was justified

in accepting appellant's statement at the hearing to the effect that he knowingly and intelligently entered his plea. *Commonwealth v. Hill,* supra.

We therefore affirm the lower court's dismissal of appellant's petition.

Order affirmed.