Commonwealth *v.* Studenroth, Appellant.

426

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Rodney D. Henry* and *Daniel J. Lawler,* Public Defenders, for appellant.

*John J. Collins,* Assistant District Attorney, and *Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1968:

Appellant, Paul A. Studenroth, is appealing from an order of the Court of Oyer and Terminer of Bucks County, denying, after hearing, his petition for relief under the Post Conviction Hearing Act. Appellant, after a plea of guilty, was convicted of first degree murder in the shooting of his father, and was sentenced to life imprisonment. No appeal was taken from the judgment of sentence.

In his petition, appellant alleged ten grounds for relief. However, at the hearing he limited his grounds to two: (1) his plea of guilty was not knowingly and intelligently made, and (2) he was represented by in-

competent counsel. We are in agreement with the court below that there is no merit in either of these allegations. The principles enunciated in *Commonwealth v. Hill*, 427 Pa. 614, 235 A. 2d 347 (1967), where we considered the same two allegations with which we are now faced, are relevant here.

On the issue of the guilty plea, we stated in *Hill*, at page 616: "[W]e start with the well established doctrine set forth in Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964), cert. denied, 379 U.S. 976, 85 S. Ct. 677 (1965). As the Court there noted: 'When an accused pleads guilty to an indictment, it is presumed that he is aware of what he is doing: [citing cases]. Hence, the burden of proving otherwise is upon him.' "

Appellant has failed to meet this burden. Although his testimony is confused, it appears from appellant's own testimony that he realized he could receive life imprisonment after a guilty plea. It is true that in places appellant asserts that he expected ten to twenty years, but he also indicates that he knew the possibility of a heavier sentence. Moreover, the hearing judge would have been justified in disbelieving appellant's version entirely, and accepting the version presented by appellant's trial counsel, Mr. Mountenay, who testified that the possible consequences of the plea were fully explained. Although it would have been preferable for the trial judge, at the time of the entry of the plea, to have examined appellant in open court to determine if he understood what he was doing or the sentence that could be imposed on him, we have indicated that such a failure to examine does not entitle a petitioner to relief, or even shift the burden of proof. *Hill*, supra; *Com. ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968).

Nor is there any merit in the allegation of incompetency of counsel. In *Hill*, supra, at page 617, citing

*Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967), we stated: "We held that before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy *actually* employed was so unreasonable that no competent lawyer would have chosen it." (Emphasis in original). Once again, appellant has failed to prove his allegation. The alleged ineffectiveness of counsel stems from two particulars —failure to have appellant plead not guilty and failure to appeal. Both decisions stemmed largely from counsel's entirely reasonable view that these steps would provide the best chance of avoiding the very real possibility of the death penalty. These strategic decisions can in no way be termed constitutional ineffectiveness of counsel.

The order of the court below is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.