Commonwealth *v.* Dennis, Appellant.

114

Submitted December 1, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Oscar Spivack,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 1, 1971:

Eddie Dennis, appellant, and Charles J. Wilson pleaded guilty in 1957 to conspiracy, rape, aggravated robbery, assault with intent to rob, and assault with intent to ravish. Both men were represented by the same attorney from the Public Defender's office, Herman Pollock. Appellant was sentenced to a term of ten to twenty years. In 1967, Dennis filed a PCHA petition alleging that his plea had been based on an involuntary confession and that the dual representation of Dennis and Wilson by the same attorney deprived him of a fair trial. The court below denied relief, the Superior Court affirmed, and we granted allocatur.

In support of his contention that dual representation of him and Dennis deprived him of a fair trial, appellant cites the dissenting opinion in *Commonwealth v. Small,* 434 Pa. 497, 254 A. 2d 509 (1969). However, this is not the *Small* situation where the co-defendants implicated one another. Since both co-defendants confessed, we find no evidence of prejudice in the fact that they were represented by the same attorney when they pleaded guilty. As for appellant's allegation that his plea was induced by a coerced confession, the burden of proof was on him. *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967).

The post-conviction hearing judge could properly disbelieve him inasmuch as Herman Pollock, his trial counsel, testified that Dennis never mentioned to him or to anyone else at the Public Defender's office that his confession was coerced.

Appellant also urges that the post-conviction hearing judge erred in failing to consider all of the relevant

evidence, and this deprived him of a fair and impartial hearing. The facts surrounding the issue are as follows: At the beginning of the hearing, appellant's counsel asked that the notes of the post-conviction proceeding of his co-defendant, James Wilson, be incorporated and made part of the testimony in this case. The district attorney stipulated to this procedure and the court approved. However, at the end of the hearing, which took place without any recesses, the post-conviction hearing judge, who could not possibly have read the Wilson transcript, rendered his decision from the bench. Counsel for the appellant reminded the court of the Wilson transcript, and the following colloquy took place: "MR. CASEY: If your Honor recalls, originally we had entered into evidence as part of the record in this proceeding the testimony of the prior proceeding which included the co-defendant and which included the testimony of the arresting officer. That was done by stipulation. THE COURT: I have disposed of this case, Mr. Casey. If you are not satisfied with it, take an appeal. I have dictated my Opinion. They are my views."

The court's failure to consider all of the evidence does not meet the requirements of Section 9 of the Post Conviction Hearing Act: "The petitioner shall have a full and fair hearing on his petition. The court shall receive all evidence . . . that is relevant and necessary to support the claims in the petition. . . ."

However, although it was error for the court not to consider the Wilson transcript, our examination of the record convinces us that it was harmless error.

Order affirmed.

Mr. Justice COHEN took no part in the decision of this case.