J. S59040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CURTIS A. WALK, | : | |
| | : | |
| Appellant | : | No. 686 WDA 2015 |

Appeal from the PCRA Order March 26, 2015
In the Court of Common Pleas of Blair County
Criminal Division No(s).: CP-07-CR-0001175-2008
CP-07-CR-0001313-2008
CP-07-CR-0001314-2008

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Curtis A. Walk, appeals from the order entered in the Blair County Court of Common Pleas denying his petitions filed pursuant to the Post Conviction Relief Act[1] ("PCRA"), following a hearing.[2]  Appellant contends both trial counsel were ineffective for failing to file direct appeals. PCRA counsel has filed a petition for leave to withdraw.  We affirm and grant counsel's petition.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note the March 26, 2015 order denied the PCRA petitions and requests for new trials.  The March 26th order appears on the docket as "Order Denying Motion for New trial."

The facts are unnecessary for our disposition. We adopt the procedural history of these cases as set forth by the PCRA court.[3] PCRA Ct. Op., 3/24/15, at 1-2. At 1175-2008, following a jury trial, Appellant was convicted of involuntary deviate sexual intercourse,[4] indecent assault,[5] and corruption of minors.[6] Following a jury trial, at 1313-2008 and 1314-2008, Appellant was found guilty of the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance,[7] criminal use of communication facility,[8] and intentionally possessing a controlled substance by a person not registered under this act.[9]

---

[3] The PCRA court continued the hearing scheduled for April 1, 2011 because Appellant was incarcerated in the Commonwealth of Virginia. At the hearing on November 9, 2011, Justin Ketchel, Esq., testified. Appellant was not present at the hearing. The Commonwealth stated to the court that Appellant "is apparently still incarcerated down in Virginia." N.T., 11/9/11, at 1. At the conclusion of the hearing, the court stated: "Counsel, because one of the possible alternatives to me is to dismiss [Appellant's] appellate rights, . . . I want him to be here. I don't like doing things without him here." *Id.* at 13. The court entered an order "directing this matter be rescheduled for further hearing." *Id.* at 16. The second hearing was held on December 20, 2011.

[4] 18 Pa.C.S. § 3123(a)(7).

[5] 18 Pa.C.S. § 3126(a)(8).

[6] 18 Pa.C.S. § 6301(a)(1).

[7] 35 P.S. § 780-113(a)(30).

[8] 18 Pa.C.S. § 7512(a).

[9] 35 P.S. § 780-113(a)(16).

J.S59040/15

The PCRA court denied Appellant's PCRA petitions,[10] finding that trial counsel, Attorney Ketchel at 1175-1108 and David Beyer, Esq. at 1313-2008, were not ineffective for failing to file direct appeals. Order, 3/26/15. This timely appeal followed. Appellant filed court-ordered Pa.R.A.P. 1925(b) statements of errors complained of on appeal.

Instantly, counsel filed a petition to withdraw pursuant to **Turner**/**Finley**[11]l. This Court has explained the procedure for counsel seeking to withdraw on collateral appeal as follows:

---

[10] The PCRA court states that Appellant filed a PCRA Petition in 1175-2008 on November 24, 2010, alleging that his trial counsel, Justin Ketchel, was ineffective for failing to file an appeal." PCRA Ct. Op. at 1. The certified record does not contain the PCRA petition. However, on December 6, 2010, the PCRA court entered the following order:

> [T]his court having received Petition regarding the [PCRA petition from Appellant], we deem the following order to be appropriate:
>
> It is hereby ORDERED, DIRECTED and DECREED that Timothy Burns, Esquire is hereby appointed counsel to represent [Appellant] and shall have sixty (60) days to file any amended pleadings."

Order, 12/6/10. The PCRA entered an order consolidating the PCRA petitions at case number 1175-2008 and 1313-2008. Order, 2/10/11, at 1. Appointed counsel in case number 1175-2008 indicated that he did not need to file an amended PCRA petition. **Id.** On July 18, 2011, the court directed the court administrator to schedule a hearing on the consolidated cases to determine whether Appellant's direct appeal rights should be reinstated. Order, 7/18/11.

[11] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 3 -

> *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted). We find that Counsel's submissions satisfy the technical demands of *Turner*/*Finley*, thus we conduct our own review of the merits of the case. *See id.*

Appellant contends trial counsel were ineffective for failing to file notices of appeal. He avers that he instructed both attorneys to file an appeal. Appellant's Brief at 3. Appellant claimed that he sent letters to the

public defender's office requesting that they file appeals on his behalf.[12] *Id.* at 4. He avers that the testimony of his sister, Ashley Stoi, that "she overheard Appellant instruct his attorneys to file appeals" supports his claim.[13] *Id.*

_____

[12] At the PCRA hearing on December 20th, the court stated:

> What I want to do, I want to note the presence of chief Public Defender Jim DiFrancesco in the courtroom. [T]he issue has become whether [Appellant] had notified representatives of your office of his intent to appeal. Both Justin Ketchel about a month ago and Dave Beyer today by phone did testify. They both testified that—Justin Ketchel said he never requested that. Dave Beyer said he did but much after the appeal deadline, much after the thirty days. [Appellant] is adamant and has produced his own copies of letters that he sent . . . that allegedly say that he did request that appeal. The scope of my review on this is pretty limited. If he made that request, then he gets those rights reinstated and if he didn't then he simply doesn't. What I had given Attorney [Timothy] Burns [, Appellant's PCRA counsel] before you came into the courtroom, Jim, was an opportunity for another week to contact your office just to see if those letters are in the file or not. The mere fact that if they're in your file, then I'm going to reinstate his appeal rights. If they are not in your file, then it's going to be a matter of credibility. . . .

N.T., 12/20/11, at 24-25.

[13] At the hearing on December 20, 2011, Ms. Stoi testified that, as to both cases, Appellant wrote to her, told her he wanted to take an appeal, and asked her to contact the Public Defender's office. N.T., 12/20/11, at 30-31. When asked if she contacted the office, in both cases, she responded that she did not. *Id.* Ms. Stoi testified that she did not know who Mr. Ketchel was and was not familiar with the case in which he represented Appellant. *Id.* at 32. She was familiar with the drug charges. *Id.* at 33. She stated that she was aware that Appellant had another case, a rape case, in which he pleaded guilty, prior to the instant cases. *Id.* She knew that Mr. Beyer

Our review is governed by the following principles:

> Our scope of review when examining a PCRA court's denial of relief is limited to whether the court's findings are supported by the record and the order is otherwise free of legal error. We will not disturb findings that are supported by the record.

> Furthermore, as Appellant's issue is stated in terms of ineffectiveness of counsel, Appellant must show that: (1) his claim has arguable merit; (2) counsel's performance had no reasonable basis; and (3) counsel's action or inaction worked to Appellant's prejudice. The PCRA standard regarding a claim of ineffective assistance of counsel is the same as the standard on direct appeal.

> \* \* \*

> However, the case of a petitioner who was denied a requested direct appeal by the ineffectiveness of his trial or plea counsel presents a special problem of constitutional dimension. In **Commonwealth v. Lantzy**, [ ] 736 A.2d 564 ([Pa.] 1999), our Supreme Court resolved this problem as follows:

>> [W]here there is an unjustified failure to file a **requested direct appeal**, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, [denying] the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, and constitutes prejudice. . . . Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

---

appealed the prior rape case. **Id.** at 34. **See Commonwealth v. Walk**, 1714 WDA 2009 (unpublished memorandum) (Pa. Super. Aug. 24, 2010). In **Walk**, Appellant pleaded guilty to rape, aggravated indecent assault, indecent assault and corruption of a minor. **Id.** at \*3.

**Id.** [ ], 736 A.2d at 572 (footnotes and citations omitted). Counsel's unjustified failure to file a direct appeal will constitute prejudice *per se* under **Lantzy**, **if the petitioner can establish that he did ask counsel to file an appeal**. **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa. Super. 1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000).

**Commonwealth v. Qualls**, 785 A.2d 1007, 1009-10 (Pa. Super. 2001) (some citations omitted and emphases added).

After careful consideration of the parties' briefs, our independent review of the record, and the decision of the Honorable Daniel J. Milliron, we affirm on the basis of the PCRA court's decision. **See** PCRA Ct. Op. at 2-6 (holding, *inter alia*, that (1) both Attorney Ketchel and Attorney Beyer credibly testified at the PCRA hearing that Appellant did not request a direct appeal to be filed; (2) neither counsel disregarded a request to file a direct appeal; and (3) no proof existed that Appellant's handwritten letters requesting an appeal were sent to the Public Defender's Office and ignored). Appellant's claim that counsel were both ineffective for failing to file direct appeals is without merit. **See Qualls**, 785 A.2d at 1009-10. Accordingly, we conclude the PCRA court's finding are supported by the record. **See id.**

Order affirmed. Counsel's petition to withdraw granted.

J.S59040/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA　　　　　:

　　　v.　　　　　　　　　　　　　　　　　　:　　CR 1175, 1313, 1314-2008

CURTIS A. WALK　　　　　　　　　　　　　:
　　Defendant　　　　　　　　　　　　　　:

· · · · · · · · · · · · · · · ·

HON. DANIEL J. MILLIRON　　　　　PRESIDING JUDGE

PETER WEEKS, ESQ.　　　　　　　　ASST. DISTRICT ATTORNEY

PAUL PUSKAR, ESQ.　　　　　　　　COUNSEL FOR DEFENDANT

· · · · · · · · · · · · · · · ·

## OPINION AND ORDER PURSUANT TO DEFENDANT'S
## POST-CONVICTION RELIEF ACT PETITIONS

### HISTORY

At CR 1175-2008, Defendant, Curtis A. Walk, was found guilty by a jury verdict on September 8, 2009. Judge Elizabeth Doyle sentenced Defendant on November 25, 2009 to an aggregate term of 15-30 years. At CR 1313, 1314-2008, Defendant was found guilty by a jury verdict on July 21, 2009. After the pre-sentence investigation was completed, this Court sentenced Defendant on October 6, 2009 to an aggregate period of incarceration of 3-6½ years.

Defendant filed a Post-Conviction Relief Act ("PCRA") Petition in CR 1313-2008 on October 15, 2010 alleging that his trial counsel, David. L. Beyer, was ineffective for failing to file an appeal. Defendant filed a PCRA Petition in CR 1175-2008 on November 24, 2010 alleging that his trial counsel, Justin J. Ketchel, was ineffective for failing to file an appeal. The Court consolidated these two cases which were held separately because the PCRA issues were identical.

Attorney Timothy Burns was subsequently appointed as PCRA counsel on November 15, 2010. This Court held a partial hearing on November 9, 2011 involving

1



Attorney Ketchel's testimony only. A subsequent hearing was held on December 20, 2011 where Attorney Beyer testified. The Court left the record open for counsel to submit any memorandum or additional documentation that would support or discredit Defendant's claims. Attorney Burns was later injured during an unrelated trial in May 13, 2013. The Court now proceeds to disposition.

## DISCUSSION

I.     ## INEFFECTIVENESS OF COUNSEL: FAILURE TO FILE AN APPEAL

The purpose of the PCRA is not to provide defendants with means of re-litigating merits of issues already decided on direct appeal. *Com. v. Buehl*, 658 A.2d 771 (Pa. 1995). To be eligible for PCRA relief pursuant to 42 Pa.C.S. § 9543, a petitioner must prove by a preponderance of the evidence that the conviction or sentence he is attacking resulted from one of seven specifically enumerated circumstances. 42 Pa.C.S. § 9543(a)(2). In addition, the PCRA petitioner must prove that the issues raised have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3).

Defendant avers that his trial counsels David L. Beyer and Justin J. Ketchel were ineffective for failing to file an appeal in the above-captioned matters. Def.'s PCRA Pet. 3. Defendant alleges that this conduct constitutes prejudice for purposes of 42 Pa.C.S. § 9543(a)(2)(ii). In a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficiency. *Com. v. McGill*, 832 A.2d 1014, 1020 (Pa. 2003). Counsel is assumed to have acted in his client's best interests; thus, it is Defendant's burden to prove otherwise. *Com. v.*

2

*Miller*, 431 A.2d 233, 235 (Pa. 1981). The Court must determine, in light of all the alternatives available to counsel, whether the actual strategy employed by counsel was so unreasonable that a competent lawyer would not have chosen that strategy. *Com v. Hill*, 235 A.2d 347, 349 (Pa. 1967). Once it is determined that the course of action chosen by counsel had some reasonable basis which was designed to effectuate the client's interest, counsel will be deemed constitutionally effective. *Miller*, 431 A.2d at 235. Counsel cannot be held ineffective for failing to raise meritless claims. *Com. v. Tilley*, 595 A.2d 575, 587 (Pa. 1991).

Furthermore, a finding of prejudice depends on whether there is a reasonable probability, but for counsel's error, the outcome of the proceeding would have been different. *Com. v. Cox*, 863 A.2d 536, 546 (Pa. 2004). When it is clear that the party asserting a claim of ineffectiveness has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the first two prongs of the ineffectiveness standard have been met. *Com. v. Zook*, 887 A.2d 1218, 1227 (Pa. 2005).

The Pennsylvania Supreme Court has held that "counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." *Com. v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). See *Com. v. Lantzy*, 558 Pa. 214, 227, 736 A.2d 564, 572 (1999). "[B]efore a court will find ineffectiveness for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and counsel disregarded that request." *Ousley*, 21 A.3d at 1244 (citing *Com. v. Bath*, 907 A.2d 619 (Pa. Super. 2006)). In the instant matter, Defendant claims that he told his trial counsel—Justin Ketchel at CR 1175-2008 and

3

David Beyer at CR 1313-2008—at sentencing to file an appeal and the appeal was never filed. Def.'s PCRA Pet. 3.

At the November 9, 2011 PCRA hearing, Attorney Ketchel testified that he discussed the possibility of a post-sentence motion or appeal in CR 1175-2008 with Defendant on three separate occasions. Test. Tr. 9:15-20, Nov. 9, 2011. The first conversation occurred immediately after the jury trial: "Actually that day, I went down to the holding cell and he said, I don't care; I'm done with this; I don't want any appeals." *Id.* at 8:22-25; 9:1-3. The next discussion occurred on the day of sentencing: "I again asked him, you know, you have these rights; what do you want to do and he again said he did not want to appeal." *Id.* at 9:6-9, 16-17. The final conversation happened while Defendant was being sentenced on a collateral matter. Defendant "specifically stated that he did not want to appeal; that he was just going to do his time. Mr. Walk had a very nonchalant, careless attitude about things. You could tell him and he would just be like, I don't care; whatever; I'll just do the time." *Id.* at 9:22-25; 10:1-2. Furthermore, Attorney Ketchel testified that he "discussed with Attorney Beyer and [Defendant] was telling Attorney Beyer the exact same thing as he was telling me and so we confirmed with each other that that as to be his wishes." *Id.* at 10:10-14.

Defendant asserted that "Tamiah [Harold], Ashley [Stoi], and Terri was [sic] also in the hallway of the courthouse when I told my Attorney Justin J. Kechel to file the [d]irect [a]ppeal." Def.'s PCRA Pet. 3. However, this was addressed at the November 9, 2011 Hearing. Attorney Ketchel credibly testified that he "never spoke with [Tamiah] through phone, through e-mail, through letter or in person any time later than [the day of sentencing]." Test. Tr. 11:22-23; 12:3-5, Nov. 9, 2011.

4

Attorney Beyer testified at the December 20, 2011 PCRA hearing regarding CR 1313-2008 that Defendant had sent him approximately two letters requesting an appeal to be filed after the appeal period had ended. Test. Tr. 3:17-22; 4:15-17, Dec. 20, 2011. Defendant did not request an appeal to be filed during the appeal period. *Id.* at 4:18-20. Attorney Beyer stated that "[i]f [Defendant] wanted to appeal I would have appealed. In fact the one letter I sent him I told him if my clients ask me to file an appeal, I file the appeal." *Id.* at 4:25; 5:1-3. Attorney Beyer filed a timely appeal on another case involving Defendant. *Id.* at 5:4-8.

At the December 20, 2011 hearing, Attorney Burns produced Defendant's own handwritten copies of letters from 2009-2010 that Defendant allegedly sent to his trial counsels requesting an appeal to be filed. These letters were entered into the record as Def.'s Ex. 1. Of particular importance was a letter to Attorney Ketchel dated November 29, 2009 that said: "I have just got sentenced November 25th to a term of 15-30 years. I have told you to put in appeal the day I [l]ost my [t]rial and I also told you to put in appeal the day I got sentenced. I want you to put my [a]ppeal in." *Id.* The Court emphasized at the December 20, 2011 hearing that if a stamped copy of this letter was in the Public Defender's file, then Defendant's appellate rights must be reinstated. Test. Tr. 25:11-14, Dec. 20, 2011.

As there is no proof that Defendant's handwritten letters were sent to the Public Defender's Office, the disposition turns to the credibility of the witnesses. Attorney Ketchel denied receiving any notice, in writing or directly from Defendant, instructing him to file an appeal. Conversely, Attorney Ketchel testified at the November 9, 2011 PCRA hearing that Defendant's position was exactly the opposite; Defendant did not wish to pursue an appeal of Judge Doyle's sentence in CR 1175-2008. Moreover, Attorney Beyer testified that Defendant's request for an appeal in CR 1313-2008 of

5

this Court's Sentencing Order dated October 6, 2009 was made after the appeal period had passed.

The Court finds Attorney Ketchel and Attorney Beyer's testimony credible regarding Defendant's position on filing an appeal in the above-captioned matters. In CR 1175-2008, Defendant did not request a direct appeal to be filed and Attorney Ketchel did not disregard such a request. Defendant was clear with counsel on multiple occasions that he did not wish to file an appeal, but instead wished to serve his sentence. Furthermore, in CR 1313-2008, Defendant did not request Attorney Beyer to file a direct appeal until after the appeal period had passed.

## CONCLUSION

Defendant's mere allegation that he requested Attorney Ketchel and Attorney Beyer to file an appeal in the above-captioned matters is insufficient. "The burden is on [Defendant] to **plead and prove** that his request for an appeal was ignored or rejected by trial counsel." *Com. v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. 1999) (emphasis added). No proof exists that Defendant's handwritten letters requesting an appeal were sent to the Public Defender's Office and ultimately ignored; therefore, Attorney Ketchel and Attorney Beyer were not ineffective for not filing an appeal. As such, Defendant's PCRA Petitions are meritless and denied in their entirety.

BY THE COURT,

Dated: 3/24/15

_____

DANIEL J. MILLIRON,
JUDGE

6

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA　　　　　：

　　　v.　　　　　　　　　　　　　　　　：　　CR 1175, 1313, 1314-2008

CURTIS A. WALK　　　　　　　　　　　　：
　　　Defendant　　　　　　　　　　　　：

.................

HON. DANIEL J. MILLIRON　　　　　　　PRESIDING JUDGE

PETER WEEKS, ESQ.　　　　　　　　　　ASST. DISTRICT ATTORNEY

PAUL PUSKAR, ESQ.　　　　　　　　　　COUNSEL FOR DEFENDANT

.................

## ORDER

AND NOW, this 24th day of March, 2015, upon consideration of Defendant's Post Conviction Relief Act Petitions in the above-captioned matters, it is hereby **ORDERED, DIRECTED, AND DECREED:**

1. Defendant's PCRA Petitions are meritless. Defendant's trial counsel, Justin Ketchel at CR 1175-2008 and David Beyer at CR 1313-2008, were not ineffective for failing to file a direct appeal.

2. Defendant's requests for new trials are denied.

BY THE COURT,

_____

DANIEL J. MILLIRON,
JUDGE