J-S14030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCQUEEN | : | |
| | : | |
| Appellant | : | No. 1462 WDA 2021 |

Appeal from the PCRA Order Entered November 2, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000758-2018

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: DECEMBER 14, 2022**

Gregory McQueen (Appellant) appeals *nunc pro tunc* from the order entered in the Blair County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] (PCRA) petition.  On October 12, 2022, this panel denied the **Turner**/**Finley**[2] petition of Appellant's counsel, Paul Puskar, Esquire (PCRA Counsel), and directed him to file an amended petition.  PCRA Counsel has complied, and after independent review of the record, we grant PCRA

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Counsel's petition to withdraw, and affirm the order dismissing Appellant's petition on the basis of the PCRA court's opinion.

On April 12, 2019, Appellant, represented by Anthony Kattouf, Esquire (Plea Counsel), entered a negotiated guilty plea to one count each of aggravated assault, persons not to possess firearms, and possession with intent to deliver a controlled substance (PWID).[3] On that same day, Appellant was sentenced to an aggregate term of 5 to 20 years' incarceration. At the time he committed the above crimes, Appellant was on parole. The Commonwealth stated that it did not "have any input with the State Board of Probation and Parole" regarding any parole sanction and that it believed any parole violation sanction "would be mandated to [run] consecutive" to his guilty plea sentence. N.T. Guilty Plea, 4/12/19, at 11. Appellant stated he understood that the parole violation may run consecutively to his sentence. *Id.*

Appellant did not file post-sentence motions or a direct appeal. Instead, on April 29, 2020, he filed a timely *pro se* PCRA petition, challenging the validity of his plea and alleging Plea Counsel's ineffectiveness for telling him his guilty plea sentence and parole violation sanction would run concurrently. Appellant's Motion for Post-Conviction Collateral Relief, 4/29/20, at 2, 4. On May 11, 2020, the PCRA court appointed PCRA Counsel to represent Appellant. PCRA Counsel did not file an amended PCRA petition.

_____

[3] 18 Pa.C.S. §§ 2701(a)(1), 6105(a)(1); 35 Pa.C.S. §§ 780-113(a)(30).

The PCRA court held a hearing on October 27, 2020, where Appellant acknowledged the Commonwealth "made it clear" at the plea hearing that his parole "hit" and guilty plea sentence may run consecutive. N.T. PCRA H'rg, 10/27/20, at 2-3. Nevertheless, Appellant's claim concerned "what [plea] counsel told him at that time." *Id.* at 3. Appellant inconsistently stated the following at the hearing:

> [O]n the day of my sentencing, **[Plea Counsel] said they would not be able to run my sentence concurrent with my parole hit** because he didn't know what my hit was going to be, and after I got my hit when I got out of here as of May, they gave me a two-year hit, which he said . . . would be run concurrent with my sentence[. sic].

*Id.* at 3-4 (emphasis added).

Plea Counsel then testified that it was Appellant's choice to accept the plea agreement. N.T. PCRA H'rg at 10. Further, Plea Counsel stated he spoke with Appellant "multiple times" regarding his parole, and that Plea Counsel "could never make promises [about] state parole hits with regard to" concurrent or consecutive sentences, but that he did come to an agreement with the Commonwealth that the Commonwealth would not object to concurrency if the state deemed it appropriate. *Id.* at 10-11. When asked if he "ever promised [Appellant] that he would get a concurrent" sentence pertaining to his parole violation, Plea Counsel responded, "No." *Id.* at 11.

On November 2, 2020, the PCRA court issued the underlying order and accompanying opinion denying Appellant's petition. Four months later, on March 11, 2021, Appellant filed a *pro se* "Notice of Appeal *Nunc Pro Tunc*."

On March 15th, the PCRA court scheduled a hearing, but before that hearing could occur, this Court issued a *per curiam* rule to show cause why his appeal should not be quashed as untimely, to which neither Appellant nor PCRA Counsel responded. The appeal was then quashed as untimely. ***Commonwealth v. McQueen***, 383 WDA 2021 (Order, 7/27/21).

On November 5, 2021, Appellant filed a second *pro se* PCRA petition raising PCRA Counsel's ineffectiveness for failing to file a proper appeal, and requesting his rights be reinstated. The PCRA court held the previously scheduled hearing that same day. On November 10th, the court reinstated *nunc pro tunc* Appellant's right to file an appeal from the November 2, 2020, denial of his first PCRA petition. PCRA Counsel filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, stating there were no "non-frivolous" issues to be raised on appeal. Appellant's Statement of [Errors] Complained of on Appeal, 12/7/21.

On January 28, 2022, PCRA Counsel filed, with this Court, a "Brief in Support of Application to Withdraw as Counsel," where he raised the following issue:

> Whether Counsel should be permitted to withdraw, as a review of the record shows that there are no non-frivolous issues upon which an appeal could be based.

PCRA Counsel's Brief in Support of Application to Withdraw as Counsel at 5. However, PCRA Counsel did not file a contemporaneous application to withdraw. At this Court's direction, PCRA Counsel filed the application on February 14th.

When reviewing the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* Moreover, the PCRA court's credibility determinations "should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" *Commonwealth. v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted).

When reviewing a claim of ineffectiveness, counsel is presumed to have been effective. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012). To overcome this presumption, a petitioner is required to show: (1) the underlying claim is of arguable merit; (2) counsel lacked an objective, reasonable basis for their actions; and (3) prejudice resulted from counsel's deficient performance. *Id.* Failure to establish any of the three prongs of this test is fatal to the claim. *Id.*

A defendant may withdraw their guilty plea where ineffective assistance of counsel "caused the defendant to enter an involuntary plea[.] We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test[.] The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys

in criminal cases." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1280 (Pa. Super. 2017) (citations omitted).

Preliminarily, as stated in our prior memorandum, an application to withdraw as counsel on a **direct appeal** must include a brief compliant with ***Anders v. California***, 386 U.S. 738 (1967), and allege the appeal would be "wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007). In contrast, when submitting a petition to withdraw in a **PCRA proceeding**, counsel must submit a ***Turner***/***Finley*** no-merit letter to the PCRA court explaining, *inter alia*, why the petitioner's issues **lack merit**. ***Id.*** at 721. This Court will then conduct an independent review of the record and determine if withdrawl is appropriate. ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

As stated above, at this Court's direction, PCRA Counsel filed an application to withdraw from representation on February 14, 2022. On October 12th, however, this panel issued a memorandum, concluding that PCRA Counsel's petition did not meet the requirements of ***Turner***/***Finley*** because counsel did not: (1) indicate whether he sent a copy of his petition to Appellant; (2) nor adequately explain which claims he reviewed with Appellant. We thus directed PCRA Counsel to file an amended ***Turner***/***Finley*** petition, which he did on October 24, 2022.[4]

---

[4] We note the amended petition's attached exhibit included a notice of appeal and an application to reinstate appeal rights, both for an unrelated matter and

PCRA Counsel has now included an explanation of Appellant's claim as well as an indication that Appellant received a copy of all relevant documents. PCRA Counsel's Amended Application to Withdraw as Counsel at ¶¶ 3-4, 8. Specifically, PCRA Counsel summarizes Appellant's PCRA claim to be that Plea Counsel "was ineffective for failing to inform [him] that the sentence imposed as a result of the plea agreement would be run consecutive to the sentence imposed on a prior conviction by the Parole Board." *Id.* at ¶ 5. PCRA Counsel then incorporates his original January 28, 2022, brief filed with this Court, which concluded Appellant's claim was frivolous. *Id.* at ¶ 10. Specifically, PCRA Counsel agreed with the PCRA court's finding that Appellant had proper notice his parole hit and guilty plea sentence could run consecutively, and that Plea Counsel acted in Appellant's best interest. Brief in Support of Application to Withdraw as Counsel at 8, 11-12.

Appellant did not file a response or supplemental petition to this Court. We conclude PCRA Counsel has substantially complied with the requirements of *Turner/Finley*. As such, we now conduct an independent review of Appellant's PCRA claim. *See Walters*, 135 A.3d 589, 591.

As stated above, Appellant's underlying PCRA claim was that Plea Counsel was ineffective for telling him his guilty plea sentence and parole

_____

defendant. Amended Application to Withdraw as Counsel, 10/24/22, at Exhibit A.

violation sanction would run concurrently. Appellant's Motion for Post-Conviction Collateral Relief, 4/29/20, at 2, 4. After our own thorough, independent review of the record, the briefs of the parties, the applicable law, and the well-reasoned November 2, 2020,[5] opinion of the PCRA court, we conclude Appellant is not entitled to relief. The PCRA court's opinion comprehensively disposes of Appellant's claim, and accordingly, we affirm on the basis of the PCRA court opinion. *See* PCRA Ct. Op. 11/2/20, at 5-10 (finding Appellant entered his plea knowingly, intelligently, and voluntarily, and Plea Counsel was not ineffective where: (1) Appellant admitted that Plea Counsel did not make any specific representation to him that his parole sentence and his guilty plea sentence on the present matter would run concurrently; (2) Plea Counsel credibly testified that he spoke with Appellant "several times" about the plea agreement, entering the plea was Appellant's decision, and Plea Counsel never made any promises to Appellant about whether his parole sentence and the guilty plea sentence would run concurrent; and (3) Appellant had sufficient notice that the sentencing court, the Commonwealth, and Plea Counsel did not have "any control" over whether his parole sentence would run concurrent with his guilty plea sentence).

We agree with the PCRA court that Appellant failed to establish the three prongs required to prove ineffective assistance of counsel. Deferring to the

_____

[5] The PCRA court filed a Rule 1925(a) opinion on December 17, 2021, which adopted its prior November 2, 2020, opinion in disposing of Appellant's claim.

PCRA court's credibility determinations, we reiterate that Appellant was notified on the record, and acknowledged, that his sentences could run consecutively. *See* PCRA Ct. Op. at 10; N.T. Guilty Plea, at 11; N.T. PCRA H'rg, at 2-3; *see also Johnson*, 966 A.2d at 539. Given this admission, we agree with the PCRA court that Appellant cannot demonstrate he was induced into an involuntary plea due to ineffective assistance. *See* PCRA Ct. Op. at 10. Thus, his claim must fail. *See Orlando*, 156 A.3d at 1280; *Sneed*, 45 A.3d at 1106.

Order affirmed. Application to withdraw granted. As we have adopted a portion of the PCRA court's November 2, 2020, opinion as our own, we direct the parties to attach a copy of that opinion to all future filings of this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2022

- 9 -

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :
                                          :    CR 758 – 2018

v.

GREGORY D. McQUEEN,
              PETITIONER

HON. TIMOTHY M. SULLIVAN             PRESIDING JUDGE

DEREK J. ELENSKY, ESQUIRE            ASST. DISTRICT ATTORNEY
PAUL M. PUSKAR, ESQUIRE             COURT APPT PCRA COUNSEL

## _OPINION AND ORDER_

### _FACTUAL/PROCEDURAL HISTORY:_

The Petitioner, **Gregory D. McQueen,** entered a guilty plea and was sentenced on April 12, 2019 to an aggregate sentence of 5 to 20 years in the state correctional system, with any and all appropriate credit for time served. The sentence imposed was consistent with a negotiated plea agreement. He was deemed to be ineligible for RRRI. His guilty plea counsel was Attorney Anthony Kattouf. The Petitioner did not file any motion for reconsideration of sentence, nor any direct appeal to the Pennsylvania Superior Court.

EXHIBIT "A"

1

The Petitioner filed a PCRA Petition, *pro se*, on April 29, 2020. A court order was entered May 11, 2020 appointing Attorney Paul M. Puskar as PCRA counsel. We held a telephone status conference with counsel on July 30, 2020 and the matter was scheduled for evidentiary hearing on October 27, 2020. During our October 27, 2020 hearing, the Petitioner testified, as did Attorney Kattouf. We incorporated into the record the transcript from the guilty plea/sentencing hearing held April 12, 2019, as well as the Petitioner's written guilty plea colloquy executed that same date.

We now proceed to disposition.

### *APPLICABLE LAW:*

Post conviction relief petitions are governed by the **Post Conviction Relief Act, 42 Pa. C.S.A. 9541 et seq.** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following (in pertinent parts):

(1)    That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment ... for the crime;

\* \* \* \* \* \* \* \*

(2)    That the conviction or sentence resulted from one or more of the following:

2

(i)  A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii)  Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(3)  That the allegation of error has not been previously litigated or waived.

(4)  That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. §9543.

In a claim of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions of failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficiency. *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) and *Commonwealth v. McGill*, 832 A.2d 1014, 1020 (Pa. 2003).

Counsel is presumed to have acted in his client's best interests; thus, it is appellant's burden to prove otherwise. *Commonwealth v. Miller*, 431 A.2d 233, 235 (Pa. 1981). In general, counsel and appellate counsel cannot be deemed ineffective

3

for failing to pursue claims without merit. **Commonwealth v. Bracey**, 795 A.2d 935 (Pa. 2001).

Before a claim of ineffective assistance of counsel can be maintained, the Court must determine, in light of all the alternatives available to counsel, the actual strategy employed by counsel was so unreasonable that a competent lawyer would not have chosen that strategy. **Commonwealth v. Hill**, 235 A.2d 347, 349 (Pa. 1967). Once it is determined that the course of action chosen by counsel had some reasonable basis which was designed to effectuate the client's interest, counsel will be deemed constitutionally effective. **Miller**, 431 A.2d 235. Finally, a petitioner must demonstrate prejudice as a result of the ineffective assistance of his counsel, i.e., there is a reasonable probability, but for counsel's error, the outcome of the proceeding would have been different. **Commonwealth v. Cox**, 863 A.2d 536, 546 (Pa. 2004).

However, when it is clear that the party asserting a claim of ineffectiveness has failed to meet the prejudice prong, the claim may be dismissed on that basis alone without a determination of whether the first two prongs of the ineffectiveness standard have been met. **Commonwealth v. Zook**, 887 A.2d 1218, 1227 (Pa. 2005).

4

A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt. *Commonwealth v. Lynch,* 820 A.2d 728 (Pa. Super. 2003). The "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.,* at 733, quoting *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa. Super. 2002).

[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea ... This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. ... The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yeager,* 685 A.2d 1000, 1004 (Pa. Super. 1996) (citations omitted).

### *DISCUSSION:*

In the case *sub judice*, the Petitioner is not raising any issues relative to the sentence that was imposed on April 12, 2019, which he acknowledges was consistent with a plea agreement he negotiated with the Commonwealth. The issue being raised

5

is whether Attorney Kattouf rendered ineffective assistance of counsel based upon the fact that the sentence imposed on April 12, 2019 was run consecutive by the Pennsylvania Board of Probation and Parole (hereinafter "Board") to his original sentence as a result of his parole violation.

During his testimony, the Petitioner acknowledged that Attorney Kattouf never made any specific representation to him that his parole hit would run concurrent with his April 12, 2019 sentence. The Petitioner claims that Attorney Kattouf advised him that he would have to wait for his parole hit and that if such was entered in consecutive fashion, that he should file a PCRA petition.

During his testimony, Attorney Kattouf indicated that he has represented a number of clients during his 3 ½ years with the Blair County Public Defender's Office, including being involved in negotiating plea agreements and handling jury trials. Attorney Kattouf confirmed that he negotiated this plea agreement with the Commonwealth and that he met with the Petitioner "several times" to discuss his options and the terms of the plea agreement. He testified that it was the Petitioner's choice to accept the plea and that the original offer was 6 to 15 years, which was negotiated to 5 to 20 years. Attorney Kattouf also testified that he spoke to the Petitioner "multiple times" relative to the state parole violation, including on the date

6

that he entered his guilty plea and was sentenced. Attorney Kattouf confirmed that he never made any promises relative to the negotiated sentence being served concurrently with the state parole hit, as he explained that such decision was beyond his control. As part of the plea agreement, the Commonwealth confirmed that it had no objection to the state parole hit being run concurrent, but once again, Attorney Kattouf testified that he made it clear to his client that he had no control over the Board's decision relative thereto. Further, Attorney Kattouf testified that he never promised the Petitioner that he would receive a concurrent parole violation commitment. Finally, Attorney Kattouf denied ever advising the Petitioner to file a PCRA petition and that upon filing of same, that he would then file a motion. He stated that he was not aware of any such motion that could be filed, since it was a decision within the Board's discretion.

We find Attorney Kattouf's testimony to be credible in all respects. In further support of Attorney Kattouf's testimony is the following discussion that occurred on the record during our April 12, 2019 guilty plea/sentencing hearing:

> BY THE COURT: All right good enough thank you. Attorney Weeks anything further for the Commonwealth?
>
> BY ATTORNEY WEEKS: Your Honor the defendant would not be eligible for RRRI based on the nature of the crimes he is pleading to. Attorney Kattouf has advised me that the defendant is on parole, and I just wanted to place of record

7

that the Commonwealth does not have any input with the State Board of Probation and Parole. If Mr. McQueen receives a sanction and he likely will receive a sanction I believe that it would be mandated to be consecutive to whatever sentence is issued by Your Honor today. I just wanted to make sure Mr. McQueen understands that, that is not something the Commonwealth has any control of or could promise any disposition to.

BY THE COURT: Okay Attorney Weeks thank you. Mr. McQueen do you understand that?

BY MR. MCQUEEN: Yes, I do.

BY THE COURT: Okay Mr. McQueen and you're not entitled to double credit for time served so in other words for whatever period of time that you've been in would you like me to give you credit on this sentence today for the time you've been in or would you prefer to address that at your Gagnon II Revocation Hearing?

BY MR. MCQUEEN: I believe it really doesn't matter I mean either one way or the other. As long as I get the year that I have in I don't mind.

BY THE COURT: Okay so Attorney Kattouf do you have a preference at all?

BY ATTORNEY KATTOUF: I do not Your Honor whatever.

BY ATTORNEY WEEKS: I would ask that he get credit for time served on this case. If he wants to switch it later that's fine Someone from state probation, actually I believe it was Agent Yarnell, was telling me on Wednesday that he believes the state probation, Board of Probation and Parole, has the discretion to not award any credit for time served so I want to make sure Mr. McQueen at least gets the credit he's entitled to on this case. If he switches it later, I don't care, but I want to make sure he gets it.

BY THE COURT: Frankly Mr. McQueen I'm actually glad you made that decision. I prefer knowing that it's in this Order you're getting credit for it.

8

BY MR. MCQUEEN:   Thank you.

BY THE COURT:   You're welcome.   So Attorney Kattouf then anything else on behalf of your client?

BY ATTORNEY KATTOUF:   Your Honor I believe he just wishes - - I know this is not really possible with the Court but something in the Order to have him transported as soon as possible to the State Institute.

BY THE COURT:   Okay good enough and Mr. McQueen anything that you would like to say prior to sentence?

BY MR. MCQUEEN:   No but I what I would like to say is do I have a Gag I and a Gag II here or up state?

BY ATTORNEY WEEKS:   Well if it's parole it will be handled by the Board of Probation and Parole that's why I don't have any input in it.

BY THE COURT:   Yeah okay.

BY MR. MCQUEEN:   Yes.

BY THE COURT:   Good enough so Mr. McQueen we'll enter an Order.

[April 12, 2019 Transcript, pp. 11-13]

In *Russell v. Pennsylvania Board of Probation and Parole,* it was held that

the parole board was not obligated to allow parolee, who was recommitted as a

convicted parole violator (CPV), to serve his new sentence concurrently with his

original sentence, despite the fact that his guilty plea to the new conviction stated that

the "sentence is to run concurrent with any other sentence the defendant is serving";

as a matter of law, the parolee's sentence for crimes committed on parole had to be

9

served consecutive to the original sentence. 203 A.3d 382 (Pa. Cmwlth. 2019). 61 Pa. C.S.A. §6138(a)(5).

Therefore, based upon above, we find that the Petitioner has not sustained his burden of proof.   We are satisfied that the Petitioner was put on notice that neither this court, nor the Commonwealth, nor Attorney Kattouf had any control relative to the State Parole Board's decision to run his April 12, 2019 sentence consecutive to his original sentence based upon his parole violation. There were no representations made by  this court, the Commonwealth, nor Attorney Kattouf to the contrary. Attorney Kattouf acted in his client's best interests when he discussed with the Petitioner "multiple times" that he had no control over the Board relative to its decision concerning the Petitioner's state parole violation.   We are satisfied that the Petitioner was properly advised and well aware of this fact when he entered his plea on April 12, 2019. Thus, his plea was entered knowingly, intelligently and voluntarily.   As a result, we enter the following Order:

10

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :
                                         :    CR 758 – 2018
                                         :

v.                                   :

GREGORY D. McQUEEN,           :
          PETITIONER         :
                                          :
                                          :

HON. TIMOTHY M. SULLIVAN            PRESIDING JUDGE

DEREK J. ELENSKY, ESQUIRE           ASST. DISTRICT ATTORNEY
PAUL M. PUSKAR, ESQUIRE             COURT APPT PCRA COUNSEL

## ORDER

AND NOW, this _30 th_ day of October, 2020, based upon foregoing Opinion, it is hereby **ORDERED, DIRECTED and DECREED** that the PCRA Petition is **denied and dismissed.** The Petitioner will have thirty (30) days from entry of this Order to file a direct appeal to the Pennsylvania Superior Court. He continues to have the right to legal counsel relative to such direct appeal.

BY THE COURT:

_____ J.